IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 07-171-1 |
| | ) | |
| TROY DAVID BROWN | ) | |

OPINION

DIAMOND, D.J.

Presently before the court is a motion for reduction of sentence pursuant to 18 U.S.C. §3582(c) filed on behalf of Troy David Brown ("defendant"). The government has filed a response in opposition to any sentence reduction. For the following reasons, defendant's motion will be granted.

Defendant was sentenced on August 21, 2008, to a term of imprisonment of 135 months following his guilty plea to conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine. At the time of sentencing, defendant's total offense level was 31 and his criminal history category was III, resulting in an advisory guideline range of 135-168 months. The court sentenced him to the low-end of that range.

Effective November 1, 2014, Amendment 782 to the United States Sentencing Guidelines amended Section 2D1.1 of the Guidelines to decrease base offense levels for drug offenses by 2 levels. This Amendment has been made retroactive by the Sentencing Commission. Defendant now seeks a sentence reduction pursuant to 18 U.S.C. Section 3582(c) and Amendment 782 from 135 months to 120 months, the statutory mandatory minimum sentence. 21 U.S.C. Sections 846; 841(a)(1) and 841(b)(1)(A)(ii).

In determining a defendant's eligibility for a sentence modification, and the extent of any authorized reduction, under Section 3582(c), this court is required to follow the instructions set forth in U.S.S.G. §1B1.10. *See* Dillon v. United States, 560 U.S. 817 (2010). Specifically, §1B1.10 directs the court to follow a two-step process: (1) determine the amended guideline range that would have been applicable to the defendant had the amendment been in effect at the time of the initial sentencing; and, (2) consider any applicable Section 3553(a) factors[1] and determine whether an authorized reduction is warranted in whole or in part under the particular circumstances of the case. Dillon, 560 U.S. at 827. A defendant is not entitled to a reduced sentence as a matter of right under §3582(c), *see* U.S.S.G. §1B1.10 background commentary, and this court has the discretion, after considering the §3553(a) factors, to determine whether a reduction is appropriate in a given case. Id.

Under Dillon, the court first must determine the amended advisory guideline range that would have been applicable to defendant had Amendment 782 been in effect when he originally was sentenced. With the two-level reduction that defendant would have been entitled to had that amendment been in place at the time of his sentencing, defendant's total offense level would have been 29, rather than 31, which, with a criminal history category of III, results in an amended advisory guideline range of 108-135 months.

Step 2 of the Dillon process requires the court to determine whether a reduction is warranted in whole or in part under the circumstances of this case. Here, defendant argues that a reduction of sentence to 120 months, the statutory mandatory minimum sentence, is warranted.

---

[1] In determining a particular sentence, 18 U.S.C. §3553(a) requires the court to consider a number of factors, including, *inter alia*, the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant.

However, while conceding that defendant is eligible for the two-level reduction in his offense level under Amendment 782, the government nevertheless opposes any reduction in defendant's sentence based on the following factors: (1) the large scale and dangerous drug trafficking crime at issue; and, (2) defendant's prior felony drug trafficking conviction. The government argues that, under these particular circumstances, a sentence of 135 months, which still falls within the amended guideline range, remains appropriate.

Here, defendant's offense unquestionably was a serious one involving a large scale drug trafficking operation, with the parties stipulating that defendant was responsible for more than 15 kilograms but less than 50 kilograms of cocaine. It also is true, as the government points out, that defendant does have one prior conviction for a drug trafficking offense. However, the court considered those factors, along with the other §3553(a) factors, when originally sentencing defendant and nevertheless found at that time that he was entitled to a sentence at the low-end of the then-applicable advisory guideline sentencing range.

While defendant is not entitled as a matter of right to a reduced sentence, the court in its discretion finds that a reduced sentence to 120 months is appropriate in this case. In imposing this amended sentence, the court has considered the factors set forth in §3553(a), as well as those recognized in the application notes to U.S.S.G. §1B1.10. In particular, as required under application note 1(B)(ii) to §1B1.10, the court has considered the nature and seriousness of the danger to any person or the community that may be posed by a reduction in defendant's sentence and finds that danger to be minimal. As defendant notes, there is no indication that the offense which resulted in his current incarceration involved violence or the possession of a firearm, and he does not have any criminal history involving violent or assaultive conduct, although the court does note that defendant has in the past possessed firearms.

Importantly, in this case, as authorized by application note 1(B)(iii) to §1B1.10, the court also has considered defendant's post-sentencing conduct, as outlined primarily in a letter the court received from defendant dated May 4, 2015. (Document No. 140). This letter suggests that defendant has taken advantage of the opportunities presented to him while incarcerated, including completion of the 500-hour Residential Drug Treatment Program and no fewer than 32 educational courses, as well as outstanding work performance evaluations. The court believes that defendant's exemplary post-sentencing conduct is a significant factor warranting a reduction in sentence in this case.

Accordingly, for the foregoing reasons, the court finds that a sentence reduction to 120 months' imprisonment accurately reflects the nature and seriousness of defendant's crime and is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. §3553(a).

An appropriate order will follow.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

Dated: June 23, 2015

cc: Troy Rivetti
Cindy Chung
Assistant U.S. Attorneys

Michael J. Novara
Assistant Federal Public Defender